I get a lot of pronunciations, different pronunciations. I do, Your Honor. Thank you. Different part of Scotland or something. Correct. Good morning. May it please the Court, counsel. My name's Jim McGow. I represent Ms. Guevara. As this appeal, an oral argument includes two separate cases. What I'd ask the Court's indulgence to do is if I could have five minutes to address the argument set forth in our brief, Ms. Guevara's, and then allow Mr. Stussi to argue on behalf of his client, and then reserve approximately five minutes, if we can, for rebuttal. In regards to Ms. Guevara's case, Ms. Guevara was charged with one count of kidnapping. And the indictment indicates that also included in that theory of relief or alternate theory is aiding and abetting theory. What the Court did in its instructions is it took a one count indictment and turned it into two. The jury instructions, instruction number seven, indicated to the jury that the defendant is charged with kidnapping and aiding and abetting. Does it matter that the jury never got to the aiding and abetting charge? I think they did. I thought, I think the way that the jury verdict split those two out, but yeah, but the jury verdict does. But I'm looking at, as to your defendant, they found her guilty on count one, which is the direct violation. And then on count four, the jury instructor said, if you don't find her guilty on count three, don't ever, or question three, don't ever get to question four. So they never answered question four. So whatever confusion they may have had, the jury verdict form itself seems to indicate that they found your client guilty, guilty, guilty on the primary conduct and never reached the question of aiding and abetting. Which, of course, shouldn't have been bifurcated that way. But the form itself would appear that there's no prejudice to your client. Well, the issue becomes, what is the sufficiency on kidnapping as a principle? And there was no evidence, no evidence, that my client was involved as the principal on kidnapping. No evidence that she committed any, count one, any of the elements of kidnapping. Why doesn't question three include aiding and abetting? Because the court took what would be a general verdict form, is the defendant guilty or not guilty of kidnapping, and allowed them. That was your proposed form. That was my proposed. And then let the parties argue. I'm sorry, go ahead. And let the parties argue, you can be found guilty this way or this other way. It's an alternate theory. It's not an alternate cause of action, right? It's not an alternate count. And you're saying that's what the judge did by making question three and question four separate? Separated it out. Separated it out. Even though the judge did that, and I know the government asked for it, and now they've kind of switched, and you've kind of switched as well. Everybody's on the other side of where they were before, it seems to me. But your original verdict form was just question three, because you believed, I think, that aiding and abetting is included within kidnapping. I think that's what this court has said. So how do we know that, but why isn't, even though the judge included question four, since the jury never even got to question four, and instruction number eight still told them that the person could be convicted of kidnapping if she aided and abetted, why doesn't question three then include aiding and abetting? The question is answered directly by this court's opinion in Dreamer, 96 case, this court's opinion in Dreamer. General verdict form is an arson case. General verdict form, a person is guilty or not he appeals, Dreamer appeals, saying there was insufficient evidence on aiding and abetting. That theory of aiding and abetting should have never gone to the jury. And this court said, when you have a general form, when you have a general verdict, if there is one kind of way that the person could be found guilty, even if there isn't insufficient evidence on another way, if there's one way that they can be found guilty. That's the Griffin case. It's good enough. We assume the jury went with the one clause supported. Turner, all of those. So why isn't that, my question is, why isn't that applicable here on question three? Because the jury isn't looking at question four. They're just looking at question three in the light of instruction eight. Because we don't have a general verdict form here. Well, isn't that a general verdict question? I mean, it says, we find the defendant guilty of the crime of kidnapping as charged in count one. And obviously, we then assume that they decided under instruction eight. When the court said, well, first of all, you've got to read the instructions and the verdict. Are you talking academically here, or in terms of the jury being misled somehow? You call it a, you say we don't have a general verdict form. But the jury, looking solely at question three, it's looking at a general verdict form. I think when you- It's not being misled in any way. Well, the jury was misled in the fact that the defendant was charged with more than one offense. Okay? And when you read the instructions as a whole, the instructions indicate charge with kidnapping, and aiding, and abetting. Then you give a verdict form that says kidnapping, aiding, and abetting. You're just, you're putting your academic oversight on this. That's not, that's not really accurate in terms of what the- I guess you're saying if the jury looked at questions three and questions four, it might have thought there are two separate options. I think that's consistent with how the jury was instructed. Well, I don't know about that part. I mean, instruction eight seems to lump them together, but instruction seven says they're charged with kidnapping, and aiding, and abetting. And you give a verdict form that says consider kidnapping. If you stop there, fine. If you don't, consider aiding and abetting. So this is the flip side of the coin. Our argument is this is the flip side of the coin of Griffin, of Turner, of Dreamer. In those cases where somebody says, hey, you don't have sufficiency of the evidence on this particular theory. And this court and other courts have said, if you can't tell which theory the jury ruled it on, and one is good, then that's OK. Here, our argument is you can tell. And you can tell because the judge, the court split them out. Yeah, but it's kind of like if you read instruction eight, you know, the paragraph that says a person may be found guilty of kidnapping even if he or she personally did not do every act constituting the offense charged if she aided and abetted the commission of the kidnapping. And that's the kind of standard instruction that we've been using as well ever since I started as a district judge in 2003. And so while seven may have some imprecision to it, it's pretty clear that when you get to the elements instruction, which is eight, it says it's just a manner and method of commission of the same offense. So if you follow that logic, if you follow that train of thought, and I know that that's where the government's come from and how the court ruled. If you follow that, then question four and everything else is superfluous, completely redundant. There's no need for it. But because the court felt and the government asked for that to be the way that the jury's instructed, then it's clear, our argument is that it's clear that the court and the government, at the request of the government, intended to separate out how the jury returned their verdict. Otherwise, you're asking a jury twice. For an appellate court, what's wrong with saying it's superfluous on the record of this case? That doesn't, why do we reverse? Well, you reverse because the question is, what was the intention in the way that the jury was instructed? We don't care about the intent. Isn't the question how the jury would reasonably have understood it? Yes, yes. And I think what- That's the only thing that matters. And I think when you read- The way you're arguing it. I think when you read the jury instructions as a whole, Judge, you're correct in saying, yes, it says you can also find guilty of this other thing, ordinating and abetting theory of the principle. But when you read them as a whole, it's clear that the jury was instructed in a way to suggest to them directly, there are two charges here, and that's what instruction number seven says, and the jury verdict form clearly indicates that. Now, here's the other thing to keep in mind, is the jury comes back with a question, and the question is regarding the elements of the kidnapping as a principle on instruction number eight, has nothing to do with the aiding and abetting. Once the court answered that question, they came back with a verdict. So it's our position that that instruction, the quick verdict after that question, the quick verdict after that was answered, and the way they fill out the verdict form clearly indicates. And I apologize to Mr. Susi that I'm into some of his time, but unless there's any more questions, thank you. You might have gone into your rebuttal time, actually. My name is Jerry Susi. I appear here to be. Yeah, exactly. I've had this experience. Jerry Susi on behalf of Tanner Licklider. Mr. Licklider was acquitted at trial, but had entered a plea to being a marijuana smoker in possession of a firearm. Three issues we're raising is whether or not he should have been allowed to withdraw his plea under Rule 11. Second is whether the district court increasing the base offense level by using uncharged misconduct. Third is whether or not there was error and not giving an acceptance of responsibility. In my reply brief, I cited the U.S. versus Thomas, recently decided by a panel of this court, and I would note that the government's petition for rehearing was denied March 29th. In terms of the plea in Rule 11, I have said continuously that this is not a plea agreement case. This is a plea case, and it is necessary for the facts to be alleged in the petition when a defendant pleads guilty. He did that. However, the assistant U.S. attorney signed off on that petition and made no objection at the time of entry of the plea, nor did the district court ask for further clarification. It only became an issue after the not guilty verdict on the larger charge, which would have encompassed what would have happened on this. On the second issue, on the acquitted, excuse me, the conduct, I would note that that issue is pending before the U.S. Supreme Court. And you're going too fast for me. You're jumping from issue to issue. I'm trying to get my five minutes in, Judge. Well, you can do that fine. Okay. But anyway, all right. Well, in other words, what I'm saying is I think my brief is accurate regarding the first issue concerning withdrawal of the plea. There was no agreement. Had the district court set the base offense level at 6, as a sporting purpose, I got nothing to talk about. But isn't it really just an open plea? Can you bind the court without something being established factually in the factual basis that's laid in, that's accepted by both sides or found by the judge? Well, that's misstating the situation. The situation is whether the plea was knowing intelligently and voluntarily made. If the defendant says, yeah, I'm pleading guilty, but, you know, I really never drove the kids to Kansas. And that's part of the plea. And they accept it. You can't later on after the fact and say, well, I know what you said. I know what you put in your plea. But we're going to find facts that we weren't presented at the time of the plea. I've had this happen lots of times, where a guy goes in and says, yeah, I distributed drugs, but I didn't distribute three kilos. I only distributed a kilo and a half. Judge turns those pleas down, said, you know, you plead. You're stuck with what we find out. That didn't happen in this case. The assistant U.S. attorney signed off on the sporting privilege. And so it's not the same as that. Where did they sign off on it? Is there a plea agreement that says we agree that there's sporting purposes? No. She signs off on the petition to plead. And it's in my brief. On the what? Petition to plead? The petition to enter a plea. The attorney general, excuse me. Now, as things play out, there's no defense. There's no sporting purpose defense. It turns out later, but not at the time. Why does that? Because it negates the plea. Where did the plea specify that the sporting purposes exception would apply? It's in the petition. What do you mean by the petition? What's a petition? In the plea petition, I cite it in the brief, I quote from it, is when they ask his factual basis, he says, I possess firearms. What do you mean by plea petition? I don't understand that type of document. Is this a document you filed saying we want to plead guilty? Yes. And it's sworn to by the defendant. And it's signed off on by... And what does it say about sporting purposes? It says when you have the factual basis on the part of the defendant, it says I possess these firearms for sporting purposes. Yeah, it says April 19, 2020, April 2020, I possessed a firearm for sporting purposes. That's all he's admitting in the plea. That's what he admits in the plea. But I'm looking for... And then go down further and the assistant U.S. attorney signs off on the plea. Yeah, but all he signs off and says I've reviewed it, and in my judgment's acceptance of the plea will not undermine the statutory purposes of sentencing. Well... Is that a factual stipulation? It is what it is. Well, I get that it is what it is, but... But the question is, the question is, is what impact does it have on the defendant entering the court? All right, so my, your issue with me, and I'm messing it up for you, right, is because I keep asking, what's it mean? Your answer is, you're asking the wrong question, Judge, because the question you should be asking, was it knowing involuntary on the part of my client that these 10 firearms might end up being not possessed for sporting purposes? Exactly. Are they going to go outside of the term of what he pled to, which was there for sporting purposes, or are they going to be bound by sporting purposes as you say? Well, isn't there in Collick we covered that? No, it did not. Well, it was broad enough, so it should have. It should have, but it didn't. Well, isn't there the... It specifically did not. Judge, rule 11 requires you get out every sentence in the plea petition? Yes, in terms of the petition that he signed, but when it came to the factual basis provided by the U.S. assistant U.S. attorney, she never mentions anything other than he possessed 10 firearms. But isn't it through in every case that there's always the potential that at sentencing, the judge will find the defendant responsible for more than what he admits in the plea? It depends on the nature of what he puts in his petition, and this is how it normally works out, is you come in and you say, I distributed drugs. Yeah, but if a guy comes in and says, I'll plead guilty to count one that I distributed five grams of crack cocaine, that doesn't mean the judge is prohibited at sentencing from finding that his relevant conduct involved a kilo of crack cocaine. Well, what happens is I cite you the case. I apologize. I'm not sure what the case is, but it's in my brief, that when that happens, what happens is a district judge says, no, no, time out. I'm not going to be bound by you saying you distributed five grams of cocaine, and then I will be bound by what the PSI says, and that happens a lot of times. Happened to me half a dozen times. And the judge will either accept the plea, well, they will reject the plea unless the person makes an open-ended plea to whatever the amount turns out to be. I mean, and that's the way it always happens. So I'm looking at the plea agreement hearing, and it looks like the judge says that basically the defendant was operating a sport utility vehicle in Kansas, and during the search of that vehicle by law enforcement, they located approximately 10 firearms as well as controlled substances that included THC and were in fact marijuana. And in addition, the facts of trial would have shown both items in the vehicle were personal use, drug paraphernalia, testimony of witnesses, blah, blah, blah. And ATF would have said that the firearms transported in interstate commerce. And that's a factual basis laid in by the government. No doubt about it. What? No doubt about it. And that's what they did. And then the court just says, do you agree that the government could prove those facts? And then Mr. Licklider or Licklider, however you say that, said yes. Yes. And that's the whole thing. Nobody ever at that point raised the issue of sporting purposes or that that was a dispute. Except that Mr. Licklider did in his petition to which the ASUA signed off. Right, before. Yes. Right. I got it. So we reverse and it's remanded. The district court allows him to withdraw the plea. What can he be tried for? The same car charge. There's no jeopardy. No jeopardy is charged. No jeopardy is attached. Now, it's an open question given. We got the kidnapping too. No, he was acquitted. Well, what? Is that for sure not reopened? No, it's not open. He was found not guilty by a jury of kidnapping. In state court? No, in federal court. In this case? Yeah, in the trial. Okay. He pled out separately. He pled out before trial. To certain charges, yeah. To this charge, that's the issue. All of these different possessions can be charged at separate counts, I assume. They can charge it however they want. I mean, it's up to them. I didn't get to my other two arguments, but I would point out. Time's up. Okay. I burned his time as well. Thank you. Ms. Woods again. May it please the court. I'm a doubleheader today. Yes, your honor. May it please the court again and opposing counsel. Thank you in advance for your time. Beginning with Ms. Guevara-Triana. The Guevara's counsel cited to Turner. And the Turner case indicates that if the evidence is sufficient for one of the theories of convictions, the verdict stands. And I believe, your honors, that is the situation here. I have a typo that I wanted to apologize to everyone for on page 20 of my brief from the McKnight case. And then below that, I describe it as a single charge. And I want to apologize because I made your jobs harder and opposing counsel's. But kidnapping and aiding and abetting are charged together in a single charge of the indictment. It is true that the jury could have followed the instruction and concluded that she was guilty of kidnapping by way of aiding and abetting and answered the verdict form the way that they did. I do not think we can look at the face of the document and conclude that they rejected an aiding and abetting theory of conviction. And why did the government want to split up questions three and questions four, then, if you thought question three included aiding and abetting? Fair question, your honor. That was a strategy choice because that is a very complex set of elements combined into one instruction. And I was hoping that they would be assured of considering aiding and abetting because it is complex. It is kidnapping by way of aiding and abetting. They are together in one instruction and one violation of the charge. And so I wanted to make sure that they understood and considered aiding and abetting. But by splitting it that way on the verdict form, have you created a situation where the better understanding of the record is that the jury would have considered them separately, as you hoped they would, so that the answer to question three is only about the principal offense? It is a fair question, your honor. And I hoped that by putting the if and only if language in, that that is what would make clear that if they had already found that way, they would stop. Yeah, but it gives you two bites at the apple. And isn't that a harm in and of itself? Here's the thing. You have the one form question on the jury verdict form that looks an awful lot. Well, it doesn't look an awful lot like. It is a general verdict question. And you say, if you say not guilty, I want you to really think about aiding and abetting again. And by answering not guilty, can't an argument be made with some force that says, that's a general verdict question, jeopardy attached. I've been found guilty. Directing them on to get to aiding and abetting is improper. And it violates the double jeopardy clause. I mean, you know, double jeopardy is just bizarre, because it can happen in a tenth of a second, right? And by asking the wrong questions, you could create an internal problem here. I agree, your honor, in the sense that I think that the way that the verdict form reads, they could have followed the instructions as they are presumed to do. They could have concluded following the instructions that she was guilty of kidnapping by aiding and abetting, answered question three as they did, and been done. Yeah, I think that's pretty plain if you read, you know, seven and eight together, and you look at the elements. They could do that. I think you're correct, your honor. And my concern was at the time that they would not consider the aiding and abetting elements as being a violation of conditioning. It's the opposite now, that we should assume that they did consider it in answering question three. Well, your honor, I don't know that I would say we should assume what the, I think what we can say on the face of the verdict form is that they could have convicted her by kidnapping by way of aiding and abetting. She also directed and controlled the actions of her co-defendant, Mr. Licklider, as indicated in her confession. So she did cause him to do the transporting of the children. And from my understanding of the principal definition of the statute, you can also be a principal if you are directing and controlling an action. But I think they could have found kidnapping by way of aiding and abetting, concluded on that, answered the verdict form the way that they did. Well, I don't understand why you want, it's just inconsistent with your objection to the original verdict form. It's possible they could have, they read it that way because it says stop after question three. Yes, your honor, that's the way I am. And I'm probably doing an inartful job of explaining it. I think that's very probable. But I think they could have followed the instructions, convicted her on that count, and that would be a consistent reading of the verdict form is what I'm attempting to say. And I apologize for my confusion. Were you also attempting to say that there's sufficient evidence on the kidnapping as a principal? I think you can say that because she directed and caused the actions. But I don't think we have to go there. I think we can say. Well, I'd like to hear that. Yes, your honor. In case we think we have to go there. Yes, your honor. Just briefly, what's your argument on that? Yes, Judge. In the brief that we provided, I believe it's on pages 12 and 13, there are some summary statements from her interview in which she indicates that she directed Mr. Licklider to take the children. That was her instruction to him, was to leave with the children. And because she told him to take the children, she can be held responsible for directing his actions in that manner. So I think that that. What's the case that would say? I believe it's statutory, your honor. That would be, I believe. It's from the code. Yes, your honor. And I'm going from memory on that. But I believe the statutory definition of principle includes those that direct and control the actions of others. Statutory definition of principle. Section two, whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures, its commission is punishable as a principle. Command is the word, not control. I'm sorry, Judge. That's my bad memory. Yeah, but that's aiding and abetting. That's part of the aiding and abetting. Is there something that defines a principle as a person who directs? That would be odd to me, unless it's a conspiracy. And your honor, I'm sorry. I am referring by memory to that statute. And if that's section two, then that is the form of aiding and abetting that is charged and available for conviction as well. So you are correct, your honor. And there is no allegation in the indictment as I see it that they kidnapped the daughter, right? Because they held her and moved her around within the residence and directed and controlled where she went. That could be a kidnapping. Because you don't have to leave the premises. All you've got to do is hold them and move them against their will. But that's never indicted here. It's just victim one and victim two. You're correct, your honor. The adult mother was not charged. She did not cross state lines, which is an easy form of proving the commerce element. You would have to argue that a facility of commerce in either her car keys or the phone would be sufficient on those grounds. And so that is why we elected not to. I get that. And your honor, I also believe in the Turner case, if we follow that and we look at the instructions and the verdict form, that on the face of the verdict, they could have followed their instructions, convicted her on that count of aiding and abetting, stopped there, and that the evidence clearly supports that conviction of aiding and abetting under the answer to question three. And I do think that your honor is also correct that I think the way that the verdict for Reams, they can stop there and they can conclude on those grounds. And then if and only if that question, in all honesty, I don't think I would recommend that away, again, as a best practice for me. I don't think I would suggest that, again, only because of the confusion that is caused here. But that's my lesson learned from a best practice perspective. So I want to just acknowledge that to the court and be honest with you. In addition to that, and if you want me to, I know he did not address it, but I don't know if in rebuttal it will come up. So I wanted to also point out, if we get into the interview and the rule of completeness issue in rebuttal, because I won't get another opportunity, that I believe the court was provided in my brief with U.S.B. Flintchi. And I might be mispronouncing that. But I believe on this issue that he has not met his burden. In Guevara's brief, we do not see why it would have been prejudicial for these additional excerpts to have been included. Could you move the mic a little closer? Oh, I'm sorry, your honor. Yes. I'm sorry, Judge. You're talking softly. I am very soft spoken. I apologize. If we address the interview on rebuttal, the rule of completeness challenge, I believe the Flintchi case is decisive on that point because it is Guevara's burden to carry to show and specify how the unadmitted excerpts of that interview would have avoided the jury from giving a wrongful conviction in this case. And I don't believe there's anything in the briefs or the record below that specifies the prejudice on this issue. And should we get into it on page 12 and page 13 of my brief where it includes some of the summary of her proffered statements? She speaks in there of the in loco parentis defense. And we included some of her statements that would support her defense in our offering of the confession. Yeah, you know, when you're looking at an entire recording and you kind of see how they fit together, it's like, well, we've got to waste the time. That's the usual reason why you don't let it in, right? Because it's long, right? Because if it's short, you just let the whole statement in and say, yeah, go away. But when the judge didn't let it in here, was the argument ever advanced by the defendant as to why it was necessary to fully explain the parts offered by the government? I don't believe so, Your Honor. I went back to the record last night, the transcripts, and then I reviewed the briefs again. I don't believe it's ever been offered to this court by the defendant why these were necessary excerpts before we get into other matters such as the other objections. We just don't have the prejudice. And I believe it has to fail for that reason alone. The defendant's claim has to fail. And then moving to Mr. Licklider's case, and trying to be mindful of my time, in Mr. Licklider's case, it is a novel proposition that we would treat a petition to enter a plea of guilty as a binding agreement on the parties in the court in the fashion of an 11C1C agreement. And I believe that's effectively what the court is being asked to do, is to treat a the defendant alone as effectively binding on the district court at sentencing on sentencing matters. I think you would have to essentially be in a Rule 11C1C agreement to do that. I know of no other way to bind the district court on guidelines issues myself than through an 11C1C agreement, which we do not have. Your Honor, do you have a question? Yeah, I do. It looked to me like what was counsel Mr. Susi was arguing, that actually the practice in Nebraska is that if there's a dispute, say, over drug quantity or whatever, that the judges sometimes don't take the pleas. I mean, which would be a little unusual to me, because in our world, we usually just took the pleas and just said, well, that's an issue that will be decided as relevant conduct at the sentencing hearing, and the parties would be expected to put on their proof, right? And I just want to know, is the practice really in Nebraska that if somebody just says, you know, like, hey, judge, you know, I admit that I sold five grams, but I never sold five kilos, do they really just tell them, yeah, I'm not taking that plea? I get where that would be true if there's a mandatory minimum, because the charge actually alleges that, and then you can't take the plea. But in the absence of the mandatory minimum, do they do that? Your Honor, I can only speak for my practice, and I was in the Eastern District of Texas before I transferred here. I have been in our Lincoln and Omaha divisions. I have not experienced that in either my prior district of prosecution or either division here. My understanding of the law, which is what I have seen the judges apply in my practice, is consistent with Ramirez-Hernandez, United States v. Ramirez-Hernandez, which is guidelines remorse is not grounds to withdraw your plea. It does not equate to a fair and just reason. There have been no assertions of innocence. The only debate we are having at this stage of the case is, was it for supporting purposes? The guideline language is clear that he's ineligible, and he has not challenged the base offense level or the drug user status, which are what essentially lead the court under the guidelines to that advisory conclusion. That's where I started in this discussion, but Mr. Seuss, he keeps arguing that really it's about knowing involuntariness as opposed to the nature of the agreement itself. What do you have to say about that? Your Honors have already provided the answer to that, Judge. It was knowing involuntary because of the colloquy that occurred at the hearing below. Mr. Leichleiter was expressly advised by the district judge that if there was a disagreement about the guidelines or they worked out differently, then Mr. Leichleiter was hoping that he would not be able to withdraw his plea. I don't know how much more knowing, intelligent, involuntary we can get than to expressly explain it, ask if the defendant understands. He asserts that he does. I think that— Well, we could have told him that, you know, we don't agree to the supporting purposes. Yes, Your Honor, and I'll be honest. It did not even occur to me that I would be potentially framed as entering into an agreement by signing that statement in the petition. I have never had that argument put forward before, and I know of no case law in support of it. So that was not in my mind at all, if I'm being honest, Judge. Thank you, Your Honor, for your time. I see I'm winding down, and I don't want to take more of my time. Thank you. There's a little bit of, you know, time's up. I think we understand the issues, and they've been thoroughly briefed. The case is well argued, and we'll take both cases under advisement.